FILED: SEPTEMBER 29, 2008

08 CV 5557

JUDGE KENDALL

MAGISTRATE JUDGE MASON

MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 150, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, by her attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, brings this Complaint on behalf of the United States Department of Labor ("the Secretary" or "DOL") to request an order providing for a new election of union officers for the defendant local labor union, and complains as follows:

### Nature of the Action

1.    This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, *et seq*., 29 U.S.C. §§ 481-84 (the Act)) for a judgment declaring that the August 25, 2007 election conducted by Local 150 of the International Union of Operating Engineers (Defendant), for the offices of President-Business Manager, Vice President, Recording-Corresponding Secretary, Financial Secretary, Treasurer, Executive Board District 1, Executive Board District 3, and Executive Board District 8 is void and directing the defendant to conduct a new election for these offices under plaintiff's supervision, and for other appropriate relief.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

**Parties**

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482(b).

5. The defendant is an unincorporated association residing in the County of Cook, Illinois, within the jurisdiction of this court.

**Factual Allegations**

6. The defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. The defendant, purporting to act pursuant to its by-laws and its international union's constitution, conducted an election of officers on August 25, 2007, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-84).

8. By letter dated September 17, 2007, to the defendant's recording-corresponding secretary, the complainant, Joseph P. Ward, a member in good standing of the defendant, protested the defendant's August 25, 2007 election.

9. By letter dated October 26, 2007, the defendant's executive board denied the protest.

10. By letter dated November 13, 2007, Ward appealed the decision of the defendant's executive board to the International Union of Operating Engineers (International) President and to the international's general convention.

11. Having invoked the remedies available under the International's constitution and bylaws for three calendar months without receiving a final decision, the complainant filed a timely complaint with the Secretary of Labor on January 7, 2008, within the thirty days required by § 402(a)(2) of the Act, 29 U.S.C. § 482 (a)(2).

12. Through a series of correspondence, the defendant agreed to extend the date that plaintiff may bring suit relating to defendant's aforesaid election be extended to September 29, 2008.

13. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. § 481, *et seq.*) had occurred in the conduct of the defendant's August 25, 2007 election and had not been remedied at the time of the institution of this action.

14. The defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election in that union funds were used to promote the incumbent's slate.

15. The defendant violated section 401(g) of the Act, 29 U.S.C. §481(g), during the conduct of the aforesaid election in that employer funds were used to promote the incumbent's slate.

16. These violations of section 401(g) of the Act (29 U.S.C. § 481(g)) may have affected the outcome of the defendant's August 25, 2007 election for the offices of President-Business Manager, Vice Ppresident, Recording-Corresponding Secretary, Financial secretary, treasurer, Executive Board District 1, Executive Board District 3, and Executive Board District 8.

WHEREFORE, plaintiff prays for judgment:

(a)  declaring the defendant's election for the offices of President-Business Manager, Vice President, Recording-Corresponding Secretary, Financial Secretary, Treasurer, Executive Board District 1, Executive Board District 3, and Executive Board District 8 to be null and void;

(b)  directing the defendant to conduct a new election for these offices, under the supervision of the plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Craig A. Oswald
     CRAIG A. OSWALD
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois  60604
     (312) 886-9080
     Craig.Oswald@usdoj.gov

Of Counsel:
GREGORY F. JACOB
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

JOAN E. GESTRIN
Regional Solicitor

WILLIE B. WHITE
Attorney