# ATTACHMENT A

<u>DECLARATION OF PATRICIA FOX</u>

I, Patricia Fox, am the Chief of the Division of Enforcement, Office of Labor-Management Standards (OLMS), United States Department of Labor (Department). Pursuant to a Stipulation of Settlement and Order filed in the United States District Court for the Northern District of Illinois, on December 14, 2009, the Department supervised the election conducted by Local 150 (or Union), International Union of Operating Engineers on August 28, 2010, for the offices of President-Business Manager; Vice President; Recording-Corresponding Secretary; Financial Secretary; Treasurer, Trustee (3), Executive Board District 1; Executive Board District 2; Executive Board District 3; Executive Board District 4; Executive Board District 5; Executive Board District 6; Executive Board District 7; and Executive Board District 8. Prior to the completion of said election, two members of Local 150 filed pre-election complaints with the Department alleging that Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act or LMRDA), 29 U.S.C. §§ 481- 484, was violated during the conduct of the supervised election. The Department investigated the allegations. As a result of this investigation, as presented herein, I find that there was no violation of the Act that may have affected the outcome of the election. Following is an explanation of Department's finding.

In a fax received by the Department on April 6, 2010, Local 150 member, Robert Sanders, filed a complaint with the Department. The complaint alleged that, during the

election, a retired Local 150 member engaged in unlawful campaigning when he wore a "Sweeney For President" campaign jacket while being paid by the union to walk the picket line at the Atlas Bobcat equipment dealer located in Wauconda, Illinois.

Section 401(g) of the Act reads in part,

> "No moneys received by any labor organization by way of dues, assessment, or similar levy, and no moneys of an employer shall be contributed or applied to promote the candidacy of any person in an election subject to the provisions of this title."

29 U.S.C. § 481(g). Thus, section 401(g) of the Act prohibits the use of union funds or employer funds to promote the candidacy of any person in an election subject to the LMRDA.

Pertinent herein, the investigation substantiated that, while being paid by the union, a retired Local 150 member wore partisan campaign apparel supportive of the incumbent Local 150 President-Business Manager, James M. Sweeney while the retired member was participating in an organizational picket at the Atlas Bobcat worksite located in Wauconda, Illinois. However, the Local 150 was unsuccessful in its organizing efforts, the two workers never became members of Local 150, and they did not vote in the supervised election. Thus, any unlawful campaigning that may have possibly occurred did not affect the outcome of the election.

Finally, in a letter addressed to the Local 150 legal department dated June 7, 2010, and forwarded to the Department on June 17, 2010, Local 150 Treasurer Marshall Douglas alleged that William Kenny, Jr., a nominee for Treasurer, was not eligible to

2

serve as an officer of Local 150 as a result of Kenny's incarceration from June 1997 to December 1999 for burglary.

Section 401(e) of the Act, 29 U.S.C. § 481(e), provides, "a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 . . . of the [Act]. . . . ). Section 504(a) of the Act, 29 U.S.C. § 504(a), bars individuals convicted of certain crimes from holding office in labor organizations, including burglary and robbery. Thus, a person who is barred from serving in union office by section 504(a) is not eligible to be a candidate. *See* 29 C.F.R. § 452.34 (Application of section 504 of the LMRDA). However, a labor organization may permit a person who is barred from holding union office by section 504(a) to be a candidate for office if the section 504 disability will terminate by the customary date for the installation of officers. *See* 29 C.F.R. § 452.34.

Pertinent herein, the investigation disclosed that Kenny was convicted by the state of Illinois in October 1995 for Class II burglary. Kenny was incarcerated from July 31, 1997 to June 12, 1998, as a result of that conviction. The investigation also disclosed that, although Kenny was nominated for the office of Treasurer during the supervised election, he received but did not submit a nominations acceptance letter to the union, as required by the union's bylaws and election rules. As a result, Kenny's name did not appear on the ballot and write-in votes were permitted or cast in the election for Kenny or any other candidate. The Act was not violated.

3

The Department has concluded from its investigation that Local 150's August 28, 2010, election for the offices of President-Business Manager; Vice President; Recording - Corresponding Secretary; Financial Secretary; Treasurer, Trustee (3), Executive Board District 1; Executive Board District 2; Executive Board District 3; Executive Board District 4; Executive Board District 5; Executive Board District 6; Executive Board District 7; and Executive Board District 8, conducted under the Department's supervision, was in compliance with Title IV of the Act and was conducted, insofar as lawful and practicable, in accordance with the Bylaws of Local 150 and the Constitution of the International Union of Operating Engineers. Therefore, no reason exists to overturn the results of this election.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _15th_ day of _December_ , 2010, in City of Washington, District of Columbia.

Patricia Fox, Chief
Division of Enforcement,
Office of Labor-Management Standards,
United States Department of Labor

4